UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 2021-CA-004746

JUDY KING,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,
a foreign corporation,

    Defendant.

_____/

## **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION**

Defendant, Wal-Mart Stores East, LP ("Wal-Mart"), pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446 and M.D. Loc. R. 1.06, hereby gives Notice to this Court and all parties of the removal of this action from the Ninth Judicial Circuit in and for Orange County, Florida, and states:

## **STATE COURT ACTION**

1. Plaintiff, Susan King ("Plaintiff") filed this civil action against Wal-Mart on May 5, 2021, in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, styled *Susan King v. Wal-Mart Stores East, LP,* Case No. 2021-CA-004746.

2. On May 14, 2021, Wal-Mart was served with a copy of the Summons and Complaint.

3. True and accurate copies all process, pleadings, and orders served upon Wal-Mart, or otherwise docketed, in the State Circuit Court are attached as "**Defendant's Composite Exhibit A.**"

## FEDERAL JURISDICTION

4. This Court has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

5. The Court has original jurisdiction in this civil action as complete diversity exists between the parties, and the amount in controversy exceeds the sum of $75,000.00.

### A. Diversity of Citizenship

6. At all relevant times, Plaintiff was and is a citizen and resident of the state of Florida. Although the Complaint does not expressly identify Plaintiff's home state, medical records exchanged during pre-suit communications show Plaintiff resides in Orlando, Florida.

7. At all times material, Defendant was and is a corporation organized under the laws of the state of Arkansas, with its principal place of business in Bentonville, Arkansas. *See also* Compl. ¶ 2 (stating Wal-Mart is a foreign corporation licensed to do business in Florida).

8. Complete diversity exists between the parties.

### B. Amount In Controversy

9. The amount in controversy requirement of 28 U.S.C. § 1332(a) is also met.

10. The procedure for determining whether the jurisdictional amount is met is set forth by the Eleventh Circuit:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.

*Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

11. When analyzing a notice of removal, the Court need only ensure that a short and plain statement of the grounds for removal is made, which includes a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (holding that a notice of removal need only contain a short a plain statement to the grounds of removal). *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) ("all that is required is a short and plain statement of the grounds for removal, including a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

12. Evidence supporting the short and plain statement is not required unless a party contests the removal or the Court questions the allegations of the notice itself. *Owens*, 574 U.S. at 89 ("[e]vidence establishing the amount [in controversy] is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."). If requested, "the removing defendant must [then] prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."

*Moreland v. Suntrust Bank*, 981 F. Supp. 2d 1210, 1212 (M.D. Fla. 2013). The removing party may rely on its own affidavits, declarations, or "other documentation" to establish the amount in controversy. *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010)).

13. Ultimately, "the relevant question is whether the plaintiff *seeks* damages in excess of the jurisdictional limit, not whether the plaintiff will actually recover sufficient damages." *Poltar v. LM Gen. Ins. Co.*, 473 F. Supp. 3d 1341, 1343-44 (M.D. Fla. 2020) (citing *Pretka*, 608 F.3d at 751).

14. Plaintiff seeks damages that exceed the jurisdictional limit. Although the Complaint is silent as to the specific damages, it does provide that "[t]his is an action for damages in excess of Thirty Thousand Dollars ($30,000.00)" and that "as a direct and proximate result of the negligence of . . . Wal-Mart" Plaintiff suffered "permanent bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, embarrassment, scarring, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care, loss of earnings, loss of the ability to earn money in the future, and the aggravation of a previously existing condition." Compl. ¶¶ 1, 11. Plaintiff claims her hip, back, knee, neck and shoulder were injured – permanently – as a result of Wal-Mart's alleged negligence. *Id*.

15. Medical records exchanged prior to litigation demonstrate Plaintiff has seen multiple physicians, has been screened for surgery, and received extensive chiropractic therapy since July of 2019 for her alleged injuries. However, the records indicate

chiropractic therapy has provided minimal relief, which has prompted more medical visits with specialists and other medical professionals.

16. Plaintiff's documented injuries and the treatment available to Plaintiff show the amount in controversy is met.  Specifically, Plaintiff claims Wal-Mart negligently caused a four millimeter full thickness tear in Plaintiff's left shoulder, which, according to Plaintiff's physicians, cannot be treated with surgery until Plaintiff's issues with diabetes is resolved, if at all.[1]  Equally, Sterling Medical Group concluded that Plaintiff has herniated nucleus pulpous in three different sections of her spin but such injuries cannot be treated with cervical facet injections also as a result of Plaintiff's diabetic condition. Ultimately, Sterling Medical Group concluded that neither conservative nor surgical treatment options are available for Plaintiff.

17. The lack of available medical treatments results in significant claim for damages that exceed the jurisdictional amount as it would mean prolonged injury, pain and suffering, and even disability that impacts Plaintiff's enjoyment of life and the ability to earn money in the future – all damages sought in this action.

18. Additionally, on November 21, 2019, Plaintiff's counsel provided a Settlement Offer to Wal-Mart seeking $150,000.00 in exchange for a release of liability, and attached all the medical records and bills then available.  Although a settlement offer may not in and of itself be sufficient to establish the amount in controversy, a Settlement

---

[1] Dr. Valenzuela found surgical intervention is appropriate given that conservative treatment options have failed, but surgery is not possible until Plaintiff's blood sugar levels are stable.  In either case, the damages that flow from either prolonged injury or surgical intervention are substantial and exceed the jurisdictional amount.

Offer may provide context when accompanied with relevant medical records and claims for damage for permanent bodily injury, loss of enjoyment, loss of earning, and loss of ability to earn in the future.

19. Considering the Settlement Offer together with the extent of the alleged injuries, the documented permanent or continuing nature of the injuries and lack of medical treatments, and the alleged loss of earning and ability to earn money in the future, it is clear that Plaintiff seeks damages in excess of $75,000.00.

20. Accordingly, based on the foregoing, the amount in controversy, exclusive of interest and costs, has been established in this case as required by 28 U.S.C. § 1332(a).

**TIMELINESS OF REMOVAL**

21. This Notice of Removal has been timely filed. Plaintiff's Complaint, was served on May 14, 2021, and this Notice is filed within thirty (30) days of the service of the Complaint.

**NOTICE TO PLAINTIFF AND STATE COURT**

22. On this date, a copy of this Notice of Removal has been served upon Plaintiff's attorneys, Wooten, Kimbrough, Damaso, & Dennis, P.A. A copy of this Notice of Removal has also been filed with the Clerk of the Ninth Judicial Circuit Court in and for Orange County, Florida.

WHEREFORE, Defendant respectfully requests that this action now pending in the Ninth Judicial Circuit Court in and for Orange County, Florida, be removed to the United States District Court for the Middle District of Florida, Orlando Division.

Respectfully submitted this 14th day of June, 2021.

/s/ *Richard L. Barry*
**RICHARD L. BARRY, ESQUIRE**
Florida Bar No. 3600650
richard.barry@gray-robinson.com
**GRAY | ROBINSON, P.A.**
301 East Pine Street, Suite 1400
Orlando, Florida 32801
Telephone:  (407) 843-8880
Facsimile:  (407) 244-5690
*Attorneys for Defendant Wal-Mart Stores East, LP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of June, 2021, I served a copy of the foregoing via e-mail to:  **SAMUEL S. REDA, ESQUIRE** (sreda@whkpa.com), Wooten, Kimbrough, Damaso, & Dennis, P.A., P.O. Box 568188, Orlando, Florida, 32856, counsel for Plaintiff.

/s/ *Richard L. Barry*
Richard L. Barry

/296242/13#44557789 v1